72 F.3d 919
 315 U.S.App.D.C. 280
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
FIDELITY SECURITY LIFE INSURANCE COMPANY, Appellee,
v.
James McLAUGHLIN, Appellant.
 No. 95-7054.
 United States Court of Appeals, District of Columbia Circuit.
 Jan. 2, 1996.
Rehearing Denied March 6, 1996.
 
 Before: EDWARDS, Chief Judge, SILBERMAN and GINSBURG, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record of the District Court and on the briefs submitted by counsel. The issues have been accorded full consideration by the court and occasion no need for a published opinion. See D.C.Cir.Rule 36(b). For the reasons stated in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the order of the District Court granting Plaintiff's Motion for Summary Judgment is affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.
 
 ATTACHMENT
 MEMORANDUM
 
 4
 Appellant James McLaughlin challenges the District Court's order granting summary judgment to Fidelity Security Life Insurance Co. ("Fidelity") and determining that appellant was not entitled to recover benefits on a life insurance policy in the name of his wife. We affirm.
 
 
 5
 On June 10, 1985, Brenda McLaughlin was issued a Fidelity life insurance policy, with her husband named as the beneficiary. She made all the premium payments under the policy until June 1989, when she ceased paying premiums. She died on September 3, 1991.
 
 
 6
 In 1992, appellant attempted to claim benefits under the policy. He asserted that even though the premiums had not been paid for several years, his wife had qualified for the policy's "waiver of premium disability benefit" provision, which waives premiums if the insured demonstrates total disability--i.e., inability to work at all--while the policy is still in force. Fidelity, after investigation, denied the claim and then filed this action, seeking a declaration that appellant was not entitled to benefits under the policy.
 
 
 7
 The District Court ruled that the McLaughlins were obligated under the policy to provide proof of disability while the policy was still in effect and that therefore, appellant could not now claim a waiver retroactively. We do not address this issue of timing, however, because we find that, even if appellant were permitted to provide evidence of the disability retroactively, uncontested documents in the record reveal that Mrs. McLaughlin would not have been eligible for the waiver in any event.
 
 
 8
 First, a letter from one of the doctors who treated Mrs. McLaughlin indicates that she was "totally severely disabled" as of 1984, see Appendix ("App.") 76, the year before she first obtained the policy. Because the waiver of premium provision required that the alleged disability must be one "commencing while the Policy is in force," App. 19 (emphasis added), this letter would have disqualified her.
 
 
 9
 Second, the policy defines "total disability" as one that "wholly and continuously prevents the Insured from engaging in his or her occupation during the first twelve months of disability and, thereafter; the duties of any occupation for which he or she is qualified by education, training and experience and which has existed continuously for six months." Id. A letter signed by appellant in 1990, however, represents that his wife "works full time," App. 87, and a social security earnings statement submitted to Fidelity by appellant indicates that Mrs. McLaughlin was employed in 1989, 1990, and 1991 (although her combined earnings for this period were only $4,090.98), App. 88.
 
 
 10
 This record of undisputed evidence clearly defeats appellant's claim. Therefore, we find that the District Court was justified in granting summary judgment to Fidelity.